Ronald H. Barsamian, #81531
Patrick S. Moody, #156928
Stacy R. Lucas, #243555
BARSAMIAN & MOODY
A Professional Corporation
1141 W. Shaw Avenue, Suite 104
Fresno, California 93711
Tele: 559/248-2360
Fax:  559/248-2370

**Attorneys for Defendant D.M. Camp**

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO RODRIGUEZ and GUADALUPE HERRERA, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>D.M. CAMP & SONS and DOES 1-20<br><br>        Defendants.<br>_____ | Case No. 1:09-cv-00700-AWI-SMS<br><br>**DEFENDANT D.M. CAMP'S ANSWER TO CLASS ACTION COMPLAINT**<br><br>**Action Filed:  April 20, 2009**<br><br>**JURY DEMANDED** |

Defendant D.M. Camp & Sons (referred to as "D.M. Camp") on behalf of itself and not on behalf of any other defendant, answer Plaintiffs' Class Action Complaint, as follows:

### JURISDICTION AND VENUE

1.      Answering Paragraph 1, Defendant D.M. Camp admits that the Court has jurisdiction pursuant to 28 U.S.C. §1331.  Except as specifically admitted, Defendant D.M. Camp denies the remaining allegations in Paragraph 1 in their entirety, singularly and in combination.

2.      Answering Paragraph 2, Defendant D.M. Camp admits that the Court has jurisdiction pursuant to 29 U.S.C. §1367.  Except as specifically admitted, Defendant D.M. Camp

denies the remaining allegations in Paragraph 2 in their entirety, singularly and in combination.

3.      Answering Paragraph 3, Defendant D.M. Camp alleges that the allegations in Paragraph 3 are legal conclusions that do not require a response.

4.      Answering Paragraph 4, Defendant D.M. Camp admits that the venue is proper in the Eastern District of California pursuant to 28 U.S.C. §1391.  Except as specifically admitted, Defendant D.M. Camp denies the remaining allegations in Paragraph 4 in their entirety, singularly and in combination.

### INTRADISTRICT ASSIGNMENT

5.      Answering Paragraph 5 Defendant D.M. Camp admits that this case is properly assigned to the Fresno Division of the Eastern District of California pursuant to Local Rule 3-120(d).

### PARTIES

**Plaintiffs**

6.      Answering Paragraph 6, Defendant D.M. Camp denies the allegations in Paragraph 6 in their entirety, singularly and in combination.

7.      Answering Paragraph 7, Defendant D.M. Camp denies the allegations in Paragraph 7 in their entirety, singularly and in combination.

8.      Answering Paragraph 8, Defendant D.M. Camp denies the allegations in Paragraph 8 in their entirety, singularly and in combination.

**Defendants**

9.      Answering Paragraph 9, Defendant D.M. Camp admits that its headquarters are located at 31798 Merced Avenue, Bakersfield, California 93308 in Kern County.  Defendant D.M. Camp admits that Donald M. Camp, Sr. is the Agent of Service for D.M. Camp.  Defendant D.M. Camp denies the remaining allegations in Paragraph 9 in their entirety, singularly and in

combination.

10.     Answering Paragraph 10, Defendant D.M. Camp denies the allegations in Paragraph 10 in their entirety, singularly and in combination.

## FACTUAL BACKGROUND

11.     Answering Paragraph 11, Defendant D.M. Camp denies the allegations in Paragraph 11 in their entirety, singularly and in combination.

12.     Answering Paragraph 12, Defendant D.M. Camp denies the allegations in Paragraph 12 in their entirety, singularly and in combination.

13.     Answering Paragraph 13, Defendant D.M. Camp denies the allegations in Paragraph 13, including all discrete subparts thereto, in their entirety, singularly and in combination.

14.     Answering Paragraph 14, Defendant D.M. Camp denies the allegations in Paragraph 14 in their entirety, singularly and in combination.

15.     Answering Paragraph 15, Defendant D.M. Camp denies that Plaintiffs are entitled to any relief whatsoever and deny the remaining allegations in Paragraph 15 in their entirety, singularly and in combination.

16.     Answering Paragraph 16, Defendant D.M. Camp denies the allegations in Paragraph 16 in their entirety, singularly and in combination.

17.     Answering Paragraph 17, Defendant D.M. Camp denies the allegations in Paragraph 17 in their entirety, singularly and in combination.

18.     Answering Paragraph 18, Defendant D.M. Camp denies the allegations in Paragraph 18 in their entirety, singularly and in combination.

19.     Answering Paragraph 19, Defendant D.M. Camp denies the allegations in Paragraph 19 in their entirety, singularly and in combination.

20. Answering Paragraph 20, Defendant D.M. Camp denies the allegations in Paragraph 20 in their entirety, singularly and in combination. Defendant D.M. Camp denies that Plaintiffs are entitled to any relief whatsoever.

## CLASS ACTION ALLEGATIONS

21. Answering Paragraph 21, Defendant D.M. Camp denies the allegations in Paragraph 21 in their entirety, singularly and in combination.

22. Answering Paragraph 22, Defendant D.M. Camp denies the allegations in Paragraph 22 in their entirety, singularly and in combination.

**Numerosity**

23. Answering Paragraph 23, Defendant D.M. Camp denies the allegations in Paragraph 23 in their entirety, singularly and in combination.

24. Answering Paragraph 24, Defendant D.M. Camp denies the allegations in Paragraph 24 in their entirety, singularly and in combination.

**Commonality**

25. Answering Paragraph 25, Defendant D.M. Camp denies the allegations in Paragraph 25, including all discrete subparts thereto, in their entirety, singularly and in combination.

**Typicality**

26. Answering Paragraph 26, Defendant D.M. Camp denies the allegations in Paragraph 26 in their entirety, singularly and in combination.

**Adequacy of Representation**

27. Answering Paragraph 27, Defendant D.M. Camp denies the allegations in Paragraph 27 in their entirety, singularly and in combination.

**Superiority of Class Action**

28. Answering Paragraph 28, Defendant D.M. Camp denies the allegations in Paragraph

28 in their entirety, singularly and in combination.

29.     Answering Paragraph 29, Defendant D.M. Camp denies the allegations in Paragraph 29 in their entirety, singularly and in combination.

30.     Answering Paragraph 30, Defendant D.M. Camp denies the allegations in Paragraph 30 in their entirety, singularly and in combination.

**CLAIMS FOR RELIEF**

**FIRST CLAIM FOR RELIEF**
**(Violation of AWPA)**

31.     Answering Paragraph 31, Defendant D.M. Camp incorporates its answers to Paragraphs 1 through 30 as if fully set forth here.

32.     Answering Paragraph 32, Defendant D.M. Camp denies the allegations in Paragraph 32, including all discrete subparts thereto, in their entirety, singularly and in combination.

33.     Answering Paragraph 33, Defendant D.M. Camp denies the allegations in Paragraph 32 in their entirety, singularly and in combination.

34.     Answering Paragraph 34, Defendant D.M. Camp denies the allegations in Paragraph 34 in their entirety, singularly and in combination.  Defendant D.M. Camp denies that Plaintiffs are entitled to any relief whatsoever.

**SECOND CLAIM FOR RELIEF**
**(Failure to Pay Wages)**

35.     Answering Paragraph 35, Defendant D.M. Camp incorporates its answers to Paragraphs 1 through 34 as if fully set forth here.

36.     Answering Paragraph 36, Defendant D.M. Camp denies the allegations in Paragraph 36, including all discrete subparts thereto, in their entirety, singularly and in combination.

37.     Answering Paragraph 37, Defendant D.M. Camp denies the allegations in Paragraph 37 in their entirety, singularly and in combination.

38.     Answering Paragraph 38, Defendant D.M. Camp states that California Labor Code §1197 speaks for itself.  Defendant D.M. Camp denies the remaining allegations in Paragraph 38 in their entirety, singularly and in combination.

39.     Answering Paragraph 39, Defendant D.M. Camp states that the IWC Wage Orders speak for themselves.  Defendant D.M. Camp denies any violation of the IWC Wage Orders and denies the remaining allegations in Paragraph 39 in their entirety, singularly and in combination.

40.     Answering Paragraph 40, Defendant D.M. Camp states that California Labor Code §1194(a) speaks for itself.  Defendant D.M. Camp denies the remaining allegations in Paragraph 40 in their entirety, singularly and in combination.

41.     Answering Paragraph 41, Defendant D.M. Camp states that California Labor Code §§1185 and 1194.2 speak for themselves.  Defendant D.M. Camp denies the remaining allegations in Paragraph 41 in their entirety, singularly and in combination.

42.     Answering Paragraph 42, Defendant D.M. Camp states that California Labor Code §1194.2 speaks for itself.  Defendant D.M. Camp denies the remaining allegations in Paragraph 42 in their entirety, singularly and in combination.

43.     Answering Paragraph 43, Defendant D.M. Camp states that California Labor Code §1194(a) speaks for itself.  Defendant D.M. Camp denies the allegations in Paragraph 43 in their entirety, singularly and in combination.  Defendant D.M. Camp denies that Plaintiffs are entitled to any relief whatsoever.

44.     Answering Paragraph 44, Defendant D.M. Camp denies the allegations in Paragraph 44 in their entirety, singularly and in combination.

### THIRD CLAIM FOR RELIEF
**Failure to Pay Reporting Time Wages**
**(California Labor Code §§1197, 1194(a), 1194.2, IWC Wage Orders and others)**

45.     Answering Paragraph 45, Defendant D.M. Camp incorporates its answers to

Paragraphs 1 through 44 as if fully set forth here.

46.     Answering Paragraph 46, Defendant D.M. Camp Defendant D.M. Camp denies the allegations in Paragraph 46 in their entirety, singularly and in combination.

47.     Answering Paragraph 47, Defendant D.M. Camp states that California Labor Code §1197 speaks for itself.  Defendant D.M. Camp denies the remaining allegations in Paragraph 47, singularly and in combination.

48.     Answering Paragraph 48, Defendant D.M. Camp states that the IWC Wage Orders speak for themselves.  Defendant D.M. Camp denies any violation of the IWC Wage Orders and denies the remaining allegations in Paragraph 48, singularly and in combination.

49.     Answering Paragraph 49, Defendant D.M. Camp states that the IWC Wage Order 14-2001(2)(O) speaks for itself.  Defendant D.M. Camp denies any violation of IWC Wage Order 14-2001(2)(O) and denies the remaining allegations in Paragraph 49, singularly and in combination.

50.     Answering Paragraph 50, Defendant D.M. Camp states that California Labor Code §1194(a) speaks for itself.  Defendant D.M. Camp denies the remaining allegations in Paragraph 50, singularly and in combination.

51.     Answering Paragraph 51, Defendant D.M. Camp states that California Labor Code §§1185 and 1194.2 speak for themselves.  Defendant D.M. Camp denies the remaining allegations in Paragraph 51, singularly and in combination.

52.     Answering Paragraph 52, Defendant D.M. Camp states that California Labor Code §1194.2 speaks for itself.  Defendant D.M. Camp denies the remaining allegations in Paragraph 52, singularly and in combination.

53.     Answering Paragraph 53, Defendant D.M. Camp states that California Labor Code §§1194(a) and 1194.2 speak for themselves.  Defendant D.M. Camp denies that Plaintiffs are

entitled to any relief whatsoever and deny the remaining allegations in Paragraph 53 in their entirety, singularly and in combination.

54.     Answering Paragraph 54, Defendant D.M. Camp denies the allegations in Paragraph 54 in their entirety, singularly and in combination.

### FOURTH CLAIM FOR RELIEF
**Failure to Provide Rest Periods and Meal Periods or Compensation**
**In Lieu Thereof (Lab. Code §§226.7, 512)**

55.     Answering Paragraph 55, Defendant D.M. Camp incorporates its answers to Paragraphs 1 through 54 as if fully set forth here.

56.     Answering Paragraph 56, Defendant D.M. Camp denies the allegations in Paragraph 56 in their entirety, singularly and in combination.

57.     Answering Paragraph 57, Defendant D.M. Camp states that California Labor Code §226.7 speaks for itself.  Defendant D.M. Camp denies the remaining allegations in Paragraph 57, singularly and in combination.

58.     Answering Paragraph 58, Defendant D.M. Camp states that the IWC Wage Orders speak for themselves.  Defendants deny any violation of the IWC Wage Orders and deny the remaining allegations in Paragraph 58 in their entirety, singularly and in combination.

59.     Answering Paragraph 59, Defendant D.M. Camp states that IWC Wage Orders speak for themselves.  Defendants deny any violation of the Wage Order and deny the remaining allegations in Paragraph 59 in their entirety, singularly and in combination.

60.     Answering Paragraph 60, Defendant D.M. Camp denies the allegations in Paragraph 60 in their entirety, singularly and in combination.

61.     Answering Paragraph 61, Defendant D.M. Camp denies the allegations in Paragraph 61 in their entirety, singularly and in combination.

62.     Answering Paragraph 62, Defendant D.M. Camp denies the allegations in Paragraph

62 in their entirety, singularly and in combination.

63.     Answering Paragraph 63, Defendant D.M. Camp states that California Labor Code §203, 226, 226.7 and 1194 speak for themselves.  Defendant D.M. Camp denies the allegations in Paragraph 63 in their entirety, singularly and in combination.  Defendant D.M. Camp denies that Plaintiffs are entitled to any relief whatsoever.

64.     Answering Paragraph 64, Defendant D.M. Camp denies the allegations in Paragraph 64 in their entirety, singularly and in combination.

**FIFTH CLAIM FOR RELIEF**
**Failure to Timely Pay Wages Due At Termination (Lab. Code, §§201, 202, 203)**

65.     Answering Paragraph 65, Defendant D.M. Camp incorporates its answers to Paragraphs 1 through 64 as if fully set forth here.

66.     Answering Paragraph 66, Defendant D.M. Camp states that California Labor Code §201 speaks for itself.  Defendant D.M. Camp denies the remaining allegations in Paragraph 66, singularly and in combination.

67.     Answering Paragraph 67, Defendant D.M. Camp states that California Labor Code §202(a) speaks for itself.  Defendant D.M. Camp denies the remaining allegations in Paragraph 67, singularly and in combination.

68.     Answering Paragraph 68, Defendant D.M. Camp denies the allegations in Paragraph 68 in their entirety, singularly and in combination.

69.     Answering Paragraph 69, Defendant D.M. Camp states that California Labor Code §203 speaks for itself.  Defendant D.M. Camp denies the remaining allegations in Paragraph 69, singularly and in combination.

70.     Answering Paragraph 70, Defendant D.M. Camp states that California Business and Professions Code §17200 speaks for itself.  Defendant D.M. Camp denies the allegations in

Paragraph 70 in their entirety, singularly and in combination.  Defendant D.M. Camp denies that Plaintiffs are entitled to any relief whatsoever.

71.     Answering Paragraph 71, Defendant D.M. Camp denies the allegations in Paragraph 71 in their entirety, singularly and in combination.  Defendant D.M. Camp denies that Plaintiffs are entitled to any relief whatsoever.

72.     Answering Paragraph 72, Defendant D.M. Camp denies the allegations in Paragraph 72 in their entirety, singularly and in combination.  Defendant D.M. Camp denies that Plaintiffs are entitled to any relief whatsoever.

73.     Answering Paragraph 73, Defendant D.M. Camp denies the allegations in Paragraph 73 in their entirety, singularly and in combination.

**SIXTH CLAIM FOR RELIEF**
**Knowing and Intentional Failure to Comply With Itemized**
**Employee Wage Statement Provisions (Lab. Code §§226(b), 1174, 1175**

74.     Answering Paragraph 74, Defendant D.M. Camp incorporates its answers to Paragraphs 1 through 73 as if fully set forth here.

75.     Answering Paragraph 75, Defendant D.M. Camp states that California Labor Code §226(a) speaks for itself.  Defendant D.M. Camp denies the remaining allegations in Paragraph 75, singularly and in combination.

76.     Answering Paragraph 76, Defendant D.M. Camp denies the allegations in Paragraph 76, including all discrete subparts thereto, in their entirety, singularly and in combination.

77.     Answering Paragraph 77, Defendant D.M. Camp states that California Labor Code §§226.7(e) and 226.7(g) speak for themselves.   Defendant D.M. Camp denies the remaining allegations in Paragraph 77, singularly and in combination.

78.     Answering Paragraph 78, Defendant D.M. Camp states that California Labor Code §1174(d) and IWC Wage Orders speak for themselves.   Defendant D.M. Camp denies the

allegations in paragraph 78 in their entirety, singularly and in combination.

79.     Answering Paragraph 79, Defendant D.M. Camp denies the allegations in paragraph 79 in their entirety, singularly and in combination.  Defendant D.M. Camp denies that Plaintiffs are entitled to any relief whatsoever.

80.     Answering Paragraph 80, Defendant D.M. Camp states that 29 U.S.C. 1831(c) speaks for itself.  Defendant D.M. Camp denies the allegations in Paragraph 80 in their entirety, singularly and in combination.

### SEVENTH CLAIM FOR RELIEF
**(Labor Code §§2698, et seq.) (Labor Code Private Attorneys General Act)**

81.     Answering Paragraph 81, Defendant D.M. Camp incorporates its answers to Paragraphs 1 through 80 as if fully set forth here.

82.     Answering Paragraph 82, Defendant D.M. Camp states that California Labor Code §2699.3(a)(2)(c) speaks for itself.  Defendant D.M. Camp denies the allegations in Paragraph 82 in their entirety, singularly and in combination.

83.     Answering Paragraph 83, Defendant D.M. Camp states that California Labor Code §2699(a) speak for itself.  Defendant D.M. Camp denies the allegations in Paragraph 83 in their entirety, singularly and in combination.

84.     Answering Paragraph 84, Defendant D.M. Camp states that California Labor Code §2699(f) speaks for itself.  Defendant D.M. Camp denies the remaining allegations in Paragraph 84, singularly and in combination.

85.     Answering Paragraph 85, Defendant D.M. Camp denies the allegations in paragraph 85 in their entirety, singularly and in combination.  Defendant D.M. Camp denies that Plaintiffs are entitled to any relief whatsoever.

86.     Answering Paragraph 86, Defendant D.M. Camp denies the allegations in Paragraph 86 in their entirety, singularly and in combination.

87.     Answering Paragraph 87, Defendant D.M. Camp states that California Labor Code §2699(i) speaks for itself.  Defendant D.M. Camp denies the allegations in paragraph 87 in their entirety, singularly and in combination.  Defendant D.M. Camp denies that Plaintiffs are entitled to any relief whatsoever.

88.     Answering Paragraph 88, Defendant D.M. Camp denies the allegations in paragraph 88 in their entirety, singularly and in combination.  Defendant D.M. Camp denies that Plaintiffs are entitled to any relief whatsoever.

89.     Answering Paragraph 89, Defendant D.M. Camp deny the allegations in Paragraph 89 in their entirety, singularly and in combination.

90.     Answering Paragraph 90, Defendant D.M. Camp deny that Plaintiffs are entitled to any relief whatsoever, either individually or on behalf of others.

**EIGHTH CLAIM FOR RELIEF**
**Breach of Contract**

91.     Answering Paragraph 91, Defendant D.M. Camp incorporates its answers to Paragraphs 1 through 90 as if fully set forth here.

92.     Answering Paragraph 92, Defendant D.M. Camp states that California Labor Code §§223, 206.5, 225 and 226 speak for themselves.  Defendant D.M. Camp denies the allegations in Paragraph 92 in their entirety, singularly and in combination.

93.     Answering Paragraph 93, Defendant D.M. Camp denies the allegations in Paragraph 93 in their entirety, singularly and in combination.

94.     Answering Paragraph 94, Defendant D.M. Camp denies the allegations in Paragraph 94 in their entirety, singularly and in combination.

95.     Answering Paragraph 95, Defendant D.M. Camp denies the allegations in Paragraph 95 in their entirety, singularly and in combination.

96.     Answering Paragraph 96, Defendant D.M. Camp denies the allegations in Paragraph 96 in their entirety, singularly and in combination.

97.     Answering Paragraph 97, Defendant D.M. Camp denies that Plaintiffs are entitled to any relief whatsoever, either individually or on behalf of others.

### NINTH CLAIM FOR RELIEF
**Violation of Unfair Competition Law (Bus. & Prof. Code §17200 *et seq.*)**

98.     Answering Paragraph 98, Defendant D.M. Camp incorporates its answers to Paragraphs 1 through 98 as if fully set forth here.

99.     Answering Paragraph 99, Defendant D.M. Camp denies the allegations in Paragraph 99, including all discrete subparts thereto, in their entirety, singularly and in combination.

100.     Answering Paragraph 100, Defendant D.M. Camp denies the allegations in Paragraph 100 in their entirety, singularly and in combination.

101.     Answering Paragraph 101, Defendant D.M. Camp denies that Plaintiffs are entitled to any relief whatsoever, either individually or on behalf of others.

102.     Answering Paragraph 102, Defendant D.M. Camp denies the allegations in Paragraph 102 in their entirety, singularly and in combination.  Defendant D.M. Camp denies that Plaintiffs are entitled to any relief whatsoever, either individually or on behalf of others.

103.     Answering Paragraph 103, Defendant D.M. Camp denies that Plaintiffs are entitled to any relief whatsoever, either individually or on behalf of others.

104.     Answering Paragraph 104, Defendant D.M. Camp denies the allegations in Paragraph 104 in their entirety, singularly and in combination.  Defendant D.M. Camp denies that Plaintiffs are entitled to any relief whatsoever, either individually or on behalf of others.

105.     Answering Paragraph 105, Defendant D.M. Camp denies the allegations in Paragraph 105 in their entirety, singularly and in combination.  Defendant D.M. Camp denies that Plaintiffs are entitled to any relief whatsoever, either individually or on behalf of others.

106.   Answering Paragraph 106, Defendant D.M. Camp denies the allegations in Paragraph 106 in their entirety, singularly and in combination.

**TENTH CLAIM FOR RELIEF**
**Failure to Pay Overtime Compensation**

107.   Answering Paragraph 107, Defendant D.M. Camp incorporates its answers to Paragraphs 1 through 106 as if fully set forth here.

108.   Answering Paragraph 108, Defendant D.M. Camp states that California Labor Code §510(a) speaks for itself.  Defendant D.M. Camp denies the allegations in Paragraph 108 in their entirety, singularly and in combination.

109.   Answering Paragraph 109, Defendant D.M. Camp states that the allegations in Paragraph 109 are legal conclusions which do not require a response.

110.   Answering Paragraph 110, Defendant D.M. Camp states that California Labor Code §500 speaks for itself.  Defendant D.M. Camp denies the allegations in Paragraph 110 in their entirety, singularly and in combination.

111.   Answering Paragraph 111, Defendant D.M. Camp denies the allegations in Paragraph 111 in their entirety, singularly and in combination.

**AFFIRMATIVE DEFENSES**

By way of further answer to Plaintiff's Complaint, Defendant D.M. Camp asserts the following affirmative defenses:

**First Affirmative Defense**

As a separate and distinct affirmative defense, Defendant D.M. Camp alleges that the Complaint, and each purported cause of action, fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

As a separate and distinct affirmative defense, Defendant D.M. Camp alleges that the Complaint, and each purported cause of action, is barred by the doctrine of laches.

### Third Affirmative Defense

As a separate and distinct affirmative defense, Defendant D.M. Camp alleges that the Complaint, and each purported cause of action, is barred by the doctrine of estoppel.

### Fourth Affirmative Defense

As a separate and distinct affirmative defense, Defendant D.M. Camp alleges that Plaintiffs' claims are barred to the extent they seek to recover for periods of time prior to the commencement of the applicable statute of limitations.

### Fifth Affirmative Defense

As a separate and distinct affirmative defense, Defendant D.M. Camp alleges that the Complaint and each purported cause of action, are barred, or any recovery should be reduced, on the ground that Plaintiffs have failed to mitigate their alleged damages.

### Sixth Affirmative Defense

As a separate and distinct affirmative defense,  Defendant D.M. Camp alleges that Plaintiffs are barred from recovery by reason of unclean hands.

### Seventh Affirmative Defense

As a separate and distinct affirmative defense, Defendant D.M. Camp alleges that any damages Plaintiffs might have suffered were caused solely or in part by persons, firms, corporations or entities other than Defendant D.M. Camp, and not by an act or omission for which Defendant D.M. Camp may be held legally or equitably responsible.

### Eighth Affirmative Defense

As a separate and distinct affirmative defense, Defendant D.M. Camp alleges that the Complaint and each purported cause of action are barred because of Plaintiffs' failure to exhaust prerequisite administrative remedies.

### Ninth Affirmative Defense

As a separate and distinct affirmative defense, Defendant D.M. Camp alleges that any failure of Plaintiff and/or any other individuals they seek to represent to take meal periods and/or rest breaks was the result of their exercise of discretion and independent judgment.

### Tenth Affirmative Defense

As a separate and distinct affirmative defense, Defendant D.M. Camp alleges that actions taken by Defendants with respect to Plaintiffs and/or to any individual Plaintiffs seek to represent were taken in good faith and with reasonable grounds to believe such conduct comported with the California Labor Code, California Business and Professions Code, and the FLSA, so liquidated damages or other penalties would be inappropriate in this case even should Plaintiffs and/or any individuals Plaintiffs seek to represent be entitled to any wage remedy.

### Eleventh Affirmative Defense

As a separate and distinct affirmative defense, Defendant D.M. Camp alleges that Plaintiffs and are barred from obtaining relief pursuant to their cause of action for violation of California Business and Professions Code section 17200, et seq. because California law does not permit representative actions where liability can only be determined through fact-intensive individualized assessments of alleged wage and hour violations.

### Twelfth Affirmative Defense

As a separate and distinct affirmative defense, Defendant D.M. Camp alleges that Plaintiffs claims are barred in whole or in part to the extent that they have been paid them any money due to them.

**Thirteenth Affirmative Defense**

As a separate and distinct affirmative defense, Defendant D.M. Camp alleges that the COMPLAINT fails to state a claim for penalties under the California Labor Code Section 203 or otherwise in that any failure to pay wages or overtime compensation, if any, was not willful.

**Fourteenth Affirmative Defense**

As a separate and distinct affirmative defense, Defendant D.M. Camp alleges that Plaintiffs lack standing to bring a claim for waiting time penalties under California Labor Code section 203.

**WHEREFORE**, Defendant D.M. Camp prays for judgment as follows:

1.      That Plaintiffs take nothing by their claims in the Complaint;

2.      That judgment be entered for Defendant;

3.      That Defendant be awarded reasonable all costs and attorneys' fees; and

4.      That Defendant be awarded such other and further relief, general or special, either at law or in equity, as the Court deems just and proper.

Respectfully submitted,

BARSAMIAN & MOODY
A Professional Corporation

Date: June 22, 2009                 By:    /s/  Ronald H. Barsamian
                                    Ronald H. Barsamian
                                    Attorneys for Defendant D.M. Camp

                                    Ronald H. Barsamian, #81531
                                    Patrick S. Moody, #156928
                                    Stacy R. Lucas, #243555
                                    BARSAMIAN & MOODY
                                    A Professional Corporation
                                    1141 W. Shaw Avenue, Suite 104
                                    Fresno, California 93711
                                    Tele: 559/248-2360
                                    Fax:  559/248-2370