RONALD H. BARSAMIAN (SBN 081531)
PATRICK S. MOODY (SBN 156928)
STACY R. LUCAS (SBN 243555)
BARSAMIAN & MOODY
1141 W. Shaw Avenue, Suite 104
Fresno, CA 93711
Telephone: (559) 248-2360
Facsimile:  (559) 248-2370

Attorneys for Defendant, DM Camp

STAN S. MALLISON (SBN 184191)
HECTOR R. MARTINEZ (SBN 206336)
MARCO A. PALAU (SBN 242340)
MALLISON & MARTINEZ
1939 Harrison Street, Suite 730
Oakland, California 94612-3547
Telephone: (510) 832-9999
Facsimile: (510) 832-1101

Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA-FRESNO DIVISION

| | |
|---|---|
| FERNANDO RODRIGUEZ and GUADALUPE HERRERA, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>D.M. CAMP & SONS, et al.<br><br>Defendants. | **Case No. 1:09-CV-00700-AWI-JLT**<br><br>**ORDER GRANTING STIPULATION RE PROTECTION OF CONFIDENTIAL INFORMATION**<br><br>(Doc. 20) |

Plaintiffs, Fernando Rodriguez and Guadalupe Herrera ("Plaintiffs") and defendant DM Camp ("Defendant"), by and through their respective counsel, hereby enter into the following Stipulation for Protection of Confidential Information.  Plaintiffs and Defendant believe that the discovery, prosecution, and defense of this action may require the disclosure of certain payroll

records and personal contact information concerning Defendant's current and/or former employees. The Parties desire to litigate this action without jeopardizing any party's interest in privacy and/or confidentiality. The parties mutually request that the Court approve this Stipulation and agree that, upon entry of an order approving this Stipulation, this Stipulation and Order shall govern the handling of documents (written or electronic), testimony and any other information produced or disclosed in this action by any party, alleged class members and/ or third party prior to trial ("Discovery Material"). As used herein, the term "Designating Party" shall mean a party or non-party that designates Discovery Material as Confidential Information, and the term "Receiving Party" shall include all parties to whom the production or disclosure of any Confidential Information is made.

1. Any Designating Party may designate as Confidential Information any Discovery Material that it believes in good faith to contain confidential, proprietary, commercially sensitive, or personal private information protected by constitutional, statutory and/or common-law rights of privacy and/or confidentiality. A Designating Party may designate as Confidential Information material that is produced informally or in response to formal discovery in the course of the Litigation. Each Party or non party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies for protection. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

2. The protection of this Order may be invoked by any party with respect to the privacy and/or confidentiality of any payroll records and personal contact information concerning Defendants' current and/or former employees–limited to employee personnel files, addresses, telephone numbers, Social Security numbers, itemized wage statements, time records and compensation.

3. The designation of Discovery Material as Confidential Information shall be made in the following manner:

      A.    In the case of documents other than deposition testimony: by stamping or labeling "Confidential" each page containing any Confidential Information, or stamping one page "Confidential" and describing the document category; or

      B.    In the case of deposition testimony:

          (i)    by a statement on the record, by counsel for the Designating Party, at any time during the deposition, that any particular deposition testimony shall be treated as Confidential Information. In that event, the reporter shall separately transcribe any such portion of the testimony; or

          (ii)    by written notice, sent by counsel to all parties within twenty-one (21) business days after receiving a copy of the deposition transcript, that any particular deposition testimony shall be treated as Confidential Information. With respect to any depositions or other documents that take place before approval of this Stipulation by the Court, such designation shall be made no later than thirty (30) days after entry of the Order approving this Stipulation.

4.    A party may challenge a designation of Discovery Material as Confidential Information by notifying the Designating Party in writing. The Parties agree to meet and confer over disputes about whether or not information is CONFIDENTIAL before making such a motion to the Court. After making a good faith effort to resolve any such challenge, either party may move, on reasonable notice, for an order vacating or upholding the designation. Discovery Material designated as Confidential Information shall be treated in accordance with that designation while any such application is pending. Whether a motion is brought to vacate or uphold a designation, the Designating Party shall have the burden of establishing confidentiality.

5.    A Designating Party that produces Confidential Information but inadvertently fails to mark an item "Confidential" may correct its failure upon discovery of the error. Such correction and notice thereof shall be made in writing, and the Designating Party shall promptly

substitute copies of each item or category appropriately marked.  After the Receiving Party receives such notice, the Receiving Party shall thereafter treat the Confidential Information in accordance with the corrected designation, but no Receiving Party shall be held responsible for any disclosures that may have been made prior to said corrective notice.  Within thirty (30) days after receipt of the corrected or substitute copies, unless the Designating Party agrees otherwise, the Receiving Party shall return the previously unmarked items and all copies thereof or destroy the same and certify the destruction to counsel for the Designating Party.

6. A party may designate Discovery Material produced by any other party, non-party and/or expert witness as Confidential Information by providing written notice to the producing party and each Receiving Party.  Upon receipt of the foregoing notice, all parties shall thereafter treat the Confidential Information in accordance with that designation.

7. All CONFIDENTIAL material shall be used only for the purpose of the proceedings in this case, including mediation, arbitration, hearings, trial, and any appeals, and not in any other lawsuit, claim or cause of action or for any other purposes whatsoever unless ordered by a court of competent jurisdiction or agreed to in writing by the Parties prior to such use.

8. A Receiving Party shall use Confidential Information solely for purposes of this Litigation and for no other purpose whatsoever.  It shall be the duty of each party and each individual bound by this Stipulation and Order to take reasonable steps to ensure that Confidential Information is not made public or disclosed except as set forth herein. Information that concerns alleged class members, such as personnel files, addresses, telephone numbers, Social Security numbers, and earnings information shall be presumed CONFIDENTIAL and shall be subject to this order even if documents containing such information are not marked "CONFIDENTIAL."

9. Discovery Material designated as "Confidential" may be disclosed, summarized or otherwise communicated in whole or in part only to the following persons:

    A. The Court and those employed by the Court;

B. The parties' attorneys in this Litigation, including associate attorneys within the parties' respective law firms or law departments, paralegals, secretaries or other support personnel (including copy, data entry or computer services personnel);

C. Independent consultants, experts or translators, including their support personnel, who have been retained by a party or counsel for purposes of assisting in the Litigation or to serve as an expert witness in this case, provided that such persons have complied with the provisions of paragraph 10 below;

D. Any currently named party including the party's respective officers, directors and employees;

E. Any person who, by virtue of his or her employment, would reasonably be expected to have been provided the Confidential Information or to have been given access to the Confidential Information;

F. Any person with respect to his or her own personnel file material or other employment records.

G. Deposition witnesses, provided that such persons shall be advised of this Protective Order and the prohibition against disclosing Confidential Information outside the deposition.

H. Court reporters and employees of court reporters engaged by counsel to record, transcribe, or videotape testimony in this Litigation;

I. Any such other persons as the parties may agree or may be ordered by the Court.

10. Discovery Material designated as "Confidential" may be provided to persons listed in paragraph 9(C) above provided that such person confirms his or her understanding and agreement to abide by the terms of this Stipulation and Order by signing an Agreement to Be Bound by Protective Order in the form attached hereto as Exhibit A. The signed Agreement to Be Bound by Protective Order shall be maintained by counsel for the receiving party who seeks

to disclose such Confidential Information and a copy shall be provided to the Designating Party upon agreement of the parties or order by the Court.

11. In the event that any party seeks to file with the Court a document containing or constituting Confidential Information, that party shall comply with the provisions of local rules.

12. By entering into or complying with the terms of this Stipulation and Order, the parties do not:

    A. Admit that any Discovery Material designated by another party, alleged class members and/ or third party as Confidential Information contains or reflects trade secrets, proprietary or commercially sensitive information or any other type of Confidential Information;

    B. Waive any attorney-client, work product, or other privilege;

    C. Waive the right to object to disclosure or production of documents or other information they believe not subject to discovery;

    D. Waive the right to object to the authenticity or admissibility into evidence of any document, testimony or other evidence;

    E. Waive the right to seek an order from the Court to treat Confidential Information more restrictively than otherwise provided for herein or to rescind or modify the terms of this Stipulation and Order;

    F. Waive the right to seek a court determination whether material should be subject to the terms of this Stipulation and Order; or

    G. Waive the right to agree to alter or waive the provisions or protections provided for herein with respect to particular Discovery Material.

13. If a Receiving Party receives a subpoena or other compulsory process from a non-party seeking production or other disclosure of Confidential Information, the Receiving Party shall give written notice to counsel for the Designating Party within five (5) business days thereafter (or before the date for compliance if earlier) identifying the Confidential Information sought and enclosing a copy of the subpoena or other compulsory process. The Receiving Party shall not produce the Confidential Information if the Designating Party obtains a protective order

before the last day for compliance with the subpoenas or other compulsory process or files a motion for a protective order that, in accordance with law, allows for non-compliance with the subpoena or other compulsory process.  Any Confidential Information produced to the non-party shall still be treated as Confidential by the parties to this Stipulation and Order.

14. In the event of any unauthorized disclosure of any Confidential Information, the Receiving Party shall notify the Designating Party in writing within five (5) business days of discovery of such unauthorized disclosure.  The Receiving Party and the Designating Party shall thereafter cooperate and make every reasonable effort to prevent disclosure by each unauthorized person who obtained access to such Confidential Information.

15. The inadvertent production of any document or other information during discovery in the Litigation shall be without prejudice to any claim that such material is privileged under the attorney-client or other privilege or protected from discovery as work product, and no person shall be held to have waived any rights by such inadvertent production.

16. This Stipulation and Order has no effect upon, and shall not apply to, the producing party's use of its own Confidential Information.

17. This Order shall be without prejudice to the right of any party or non-party to present to the Court a motion for a separate Protective Order as to any particular document or information (including restrictions differing from those as specified herein), or as to any other types of documents or information not encompassed by this Order, and this Order shall not be deemed to prejudice any party in any way in any future application for modification of this Order.

18. The undersigned counsel for the Parties agree on behalf of their respective firms and clients to the terms set forth herein, and consent to the form and entry of this Order.

19. The United States District Court for the Eastern District of California retains jurisdiction to alter or amend this Order by further order upon a showing of good cause.  Nothing in this Order shall abridge the right of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made concerning the issue of the status of CONFIDENTIAL information.

20. Within 60 days after receiving notice of the entry of an order, judgment or decree finally disposing of this Litigation (including any appellate proceedings), or such longer period of time as the parties may agree, all persons having received Confidential Information shall either return such material to the Designating Party or, upon request, certify in writing to the Designating Party that such documents have been destroyed.  Notwithstanding the above, counsel for the parties shall be entitled to retain court papers, deposition and trial transcripts and videotapes, attorney work product, and any other documents belonging to a client that counsel is obligated to retain provided that any Confidential Information in such documents shall not be used or disclosed except as permitted herein.

Dated:  June 1, 2011              MALLISON & MARTINEZ,
                                  Attorneys at Law


                                  By     /s/ Hector R. Martinez
                                    Hector Martinez
                                    Attorneys for Plaintiffs and the Putative Class



Dated:  June 1, 2011              BARSAMIAN & MOODY


                                  By:      /s/  Ronald H. Barsamian
                                    Ronald H. Barsamian
                                    Attorneys for Defendant DM Camp

///

///

**ORDER**

Good cause appearing therefore, the foregoing stipulation is hereby approved and the terms thereof are hereby adopted as an order of the Court.

IT IS SO ORDERED.

Dated:   **June 2, 2011**                                          **/s/ Jennifer L. Thurston**
                                                                                             UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA-FRESNO DIVISION**

| | |
|---|---|
| FERNANDO RODRIGUEZ AND GUADALUPE HERRERA, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>D.M. CAMP & SONS, et al.<br><br>Defendants | CASE NO.: **1:09-CV-00700-AWI-JLT**<br><br>**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** |

    I hereby certify (i) my understanding that Confidential Information is being provided to me pursuant to the terms and restrictions of the Stipulation for Protection of Confidential Information approved by the Court ("Protective Order") and (ii) that I have read the Protective Order. I understand the terms of the Protective Order, I agree to be fully bound by the Protective Order, and I hereby submit to the jurisdiction of the United States District Court for the Eastern District of California for purposes of enforcement of the Protective Order. I understand that any violation of the terms of the Protective Order may be punishable by relief as deemed appropriate by the Court.

Dated: _____          _____
                                                                      Signature