# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO RODRIGUEZ, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>D.M. CAMP & SONS, et al.,<br><br>  Defendants. | CASE NO. 1:09-cv-00700 AWI JLT<br><br>ORDER GRANTING THE STIPULATION TO STAY PROCEEDINGS<br><br>(Doc. 22) |

## I.    Introduction

Before the Court is a stipulation signed by counsel to stay the action until the California Supreme Court decides the case entitled, Brinker Restaurant Corp. v. Superior Court, 165 Cal.App.4th 25 (2008), *petition for review granted* October 22, 2008. (Doc 22) In the stipulation, counsel note Brinker may decide important issues of law regarding whether employers must require employees to take a meal break, whether employers must allow workers to take rest and meal breaks at certain points during their shift and the number of rest breaks that must be given, for example. (Doc. 22 at 2-3)

Notably, this is the second time that Brinker has been before the California Supreme Court. The first time was in 2007 when the California Supreme Court ordered that the "cause is transferred to the Court of Appeal, Fourth Appellate District, Division One, with directions to vacate its opinion and reconsider the matter as it sees fit." Brinker Restaurant v. S.C. (Hohnbaum), 2007 Cal. LEXIS 12247

(Cal. Oct. 31, 2007). After the Fourth Appellate District did so, the Court granted the petition for review on October 22, 2008.

In <u>Forrand v. Fed. Express Corp.</u>, 2011 U.S. App. LEXIS 544 at *3 (9th Cir. Cal. Jan. 5, 2011), the Ninth Circuit Court of Appeal found the trial court erred when it refused to grant a stay to allow the determination of the <u>Brinker</u> matter. The <u>Forrand</u> Court held,

> The Plaintiffs-Appellants argued on appeal that the district court abused its discretion in not staying the case pending the California Supreme Court's resolution of <u>Brinker Restaurant Corp. v. Superior Court</u>, 165 Cal. App. 4th 25, 80 Cal. Rptr. 3d 781 (Cal. Ct. App. 2008) <u>Restaurant Corp. v. Superior Court</u>, 165 Cal. App. 4th 25, 80 Cal. Rptr. 3d 781 (Cal. Ct. App. 2008). We agree that the resolution of <u>Brinker</u> may dictate what California law requires employers must do to comply with California state labor laws regulating employee meal and rest breaks. Therefore, we now stay the resolution of the issues raised by the Plaintiffs-Appellants potentially affected by <u>Brinker</u>, namely the Plaintiffs-Appellants' "meal and rest break" claims.

<u>Id</u>.

Here, the complaint places at issue two <u>Brinker</u> matters including,

> (e) failing to provide non-exempt employees rest periods of at least ten (10) minutes per four (4) hours worked or major fraction thereof and failing to pay such employees one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided;
>
> (f) requiring non-exempt employees to work at least five (5) hours without a meal period and failing to pay such employees one (1) hour of pay at the employees regular rate of compensation for each workday that the meal period is not provided;

(Doc. 1 at 5) With this in mind, for the reasons set forth below, the Court **GRANTS** the request to stay the action.

**II.     Legal Standard**

The Court has the "power to stay proceedings" as part of its inherent power to "control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." <u>Landis v. N. Am. Co.</u>, 299 U.S. 248, 254 (1936). To evaluate whether to stay an action, the Court must the weigh competing interests that will be affected by the grant or refusal to grant a stay. <u>CMAX, Inc. v. Hall</u>, 300 F.2d 265, 268 (9th Cir. 1962). Among these competing interests are, (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of simplifying or complicating of issues, proof, and questions of law which could be expected to result

from a stay. Id. (citing Landis, 299 U.S. at 254-55).

"The proponent of a stay bears the burden of establishing its need." Clinton v. Jones, 520 U.S. 681, 708 (1997) (citing Landis, 299 U.S. at 255). "If there is even a fair possibility that the stay . . . will work damage to some one else," the party seeking the stay "must make out a clear case of hardship or inequity." Landis, 299 U.S. at 255. The Court's decision to grant or deny stay is discretionary. Dependable Highway Express, Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1066 (9th Cir. 2007).

### III.  Discussion

The parties contend that resolution of Brinker will likely set forth the standard for meal and rest breaks as alleged in this case. (Doc. 22 at 3) Based upon the Court's analysis of the opinion of the Court of Appeal, the Court agrees.

### IV.  CONCLUSION

Because the Court finds no likelihood of damage from granting the stay and granting the stay is likely to simplify important issues of liability and may narrow the scope of any class certification motion and in light of the fact that the stay will be time-limited, the request for the stay is **GRANTED**.

Based upon the foregoing, the Court **ORDERS**,

1. The matter is **STAYED**;
2. No later than November 17, 2010 and every 30 days thereafter, the parties SHALL file a joint report outlining the status of the Brinker matter and any other information that bears on the propriety of continuing the stay;
3. Additionally, the parties SHALL file a status report within 10 days of the California Supreme Court issuing an opinion or any other dispositive ruling in the Brinker matter OR whenever it appears that the stay is no longer appropriate;
4. The Clerk is ordered to administratively close this matter.

IT IS SO ORDERED.

Dated:   **October 17, 2011**                     /s/ Jennifer L. Thurston
                                                  UNITED STATES MAGISTRATE JUDGE