1  LAW OFFICES OF MALLISON & MARTINEZ
   STAN S. MALLISON (SBN 184191)
2  stanm@mallisonlaw.com
   HECTOR R. MARTINEZ (SBN 206336)
3  hector@themmlawfirm.com
   1042 Brown Avenue
4  Lafayette, CA  94549
   Telephone:  (925) 283-3842
5  Facsimile:  (925) 283-3426

6  WEINBERG, ROGER & ROSENFELD          MILBERG LLP
   A Professional Corporation            NICOLE M. DUCKETTE (SBN 198168)
7  DAVID A. ROSENFELD (SBN 058163)       ndfricke@milberg.com
   drosenfeld@unioncounsel.net           One California Plaza
8  WILLIAM A. SOKOL (SBN 72740)          300 South Grand Avenue, Suite 3900
   bsokol@unioncounsel.net               Los Angeles, CA  90071
9  EMILY P. RICH (SBN 168735)            Telephone:  (213) 617-1200
   erich@unioncounsel.net                Facsimile:  (213) 617-1975
10 1001 Marina Village Parkway, Suite 200
   Alameda, California 94501-1091
11 Telephone (510) 337-1001
   Fax (510) 337-1023
12
   Attorneys for Plaintiffs
13 Fernando Rodriguez and Guadalupe Herrera

14                 UNITED STATES DISTRICT COURT

15               EASTERN DISTRICT OF CALIFORNIA

16                       (FRESNO DIVISION)

17 FERNANDO RODRIGUEZ and           )  Case No.   09-cv-00700-AWI-SMS
   GUADALUPE HERRERA, on behalf of  )
18 themselves and all others similarly situated, )  **CLASS ACTION**
                                    )
19           Plaintiffs,            )  **DECLARATION OF EMILY P. RICH IN**
                                    )  **SUPPORT OF PETITION FOR**
20     v.                           )  **ATTORNEYS' FEES AND EXPENSES**
                                    )  **FILED ON BEHALF OF WEINBERG,**
21 D.M. CAMP & SONS, et al.         )  **ROGER & ROSENFELD**
                                    )
22           Defendants.            )  Date:   May 22, 2013
                                    )  Time:   9:00 a.m.
23                                  )  Judge: Hon. Jennifer L. Thurston
                                    )
24 _____ )

25

26

27

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

I, EMILY P. RICH, declare that:

1.     I am an attorney at law licensed to practice in all courts of the State of California and a shareholder with the law firm of Weinberg, Roger & Rosenfeld and one of the attorneys of record for Plaintiffs in this matter. All statements made herein are on personal knowledge unless stated otherwise. If called as a witness, I could competently testify as to the matters stated herein.

2.     I submit this declaration in support of Plaintiffs' motion for attorneys' fees and costs.

3.     Weinberg, Roger & Rosenfeld is the country's largest law firm representing workers, unions, and employee benefit plans, and handles many class actions and other complex matters regularly.

4.     This firm was part of the team that filed the initial action against D.M. Camp & Sons and other table grape growers in 2005. That action, JOHN DOE, JOHN ROE, and JOHN ZOE, on behalf of themselves and all others similarly situated, v. D.M. CAMP & SONS; MARKO ZANINOVICH, INC.; SUNVIEW VINEYARDS OF CALIFORNIA, INC.; GIUMARRA VINEYARDS CORPORATION; EL RANCHO FARMS; STEVCO, INC.; FAL INC. (dba Lucich Farms); CASTLEROCK FARMING AND TRANSPORT, INC. (Case No. 1:05-CV-01417-FVS-SMS), was later "disjoined" into six separate actions each against a single grower.

5.     Several members of this firm worked on this matter. Listed below is relevant information regarding the experience of four of the primary team members who participated in this action.

6.     Chris Raisner joined Weinberg, Roger & Rosenfeld in 1988. From 1975 to 1981 he was a member of the United Steelworkers of America Local 1834 in Chicago and Hammond, INC. He has been admitted to practice law in California, Wisconsin, all federal courts in California, Wisconsin, Arizona, and Hawaii, the United States Supreme Court, and other courts for particular cases.

7.     Mr. Raisner graduated from Northwestern University School of Law in 1985 and joined the firm in 1986. He litigated many cases, at trial and appellate levels, on behalf of unions, benefit trust funds, and workers. He directs the Firm's bankruptcy practice and participates with

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

DECLARATION OF EMILY P. RICH IN SUPPORT OF PETITION FOR ATTORNEYS' FEES AND EXPENSES FILED ON BEHALF OF WEINBERG, ROGER & ROSENFELD

Case No. 09-cv-00700-AWI-SMS

1   the Firm's Litigation Group.  Many of his cases have involved complex or novel issues with a

2   significant impact.  For example, *Beck v. PACE Int'l Union*, 427 F.3d 668 (9th Cir. 2005)

3   (pension reversion disallowed to employer committing fiduciary breach and new benefit created

4   as remedy), *Security Farms v. International Broth. of Teamsters*, 124 F.3d 999 (9th Cir. 1997)

5   (successful defense of strike damages case, with bankruptcy removal and withdrawal of

6   reference); *Lupiani v. Wal-Mart Stores, Inc.*, 435 F.3d 842 (8th Cir. 2006) (granting appeal, case

7   to go forward based on improper information to employees about benefit plans); *McMorgan &*

8   *Co. v. First California Mortg. Co.*, 916 F.Supp. 966 (N.D. Cal. 1995) (ERISA fiduciary breach by

9   servicer of construction mortgages), *Barker, et al. v. American Mobil Power Corporation, et al.*,

10  64 F.3d 1397 (9th Cir. 1995) (fiduciary breach of company president for failing to pay promised

11  benefits).  Mr. Raisner's current hourly billing rate is $645, which is commensurate with his over

12  25 years of litigation experience.

13      8.      David A. Rosenfeld is a named shareholder in the Weinberg firm.  Mr. Rosenfeld is a

14  graduate of Boalt Hall School of Law at the University of California and has been practicing law

15  on behalf of unions and workers since 1973.  Mr. Rosenfeld has argued many significant cases

16  before the United States Supreme Court, the California Supreme Court, various federal and state

17  courts of appeal and the National Labor Relations Board.  He is well known in the labor law field

18  for developing creative and effective legal strategies.  He teaches at Berkeley Law (Boalt Hall

19  School of Law) at the University of California where he designed and taught a new course entitled

20  "Representing Low Wage Workers" and he currently teaches a Labor Law course there.  He is a

21  co-author of *California Workers' Rights*, a manual of job rights, protections, and remedies.  Over

22  the past several years he has participated in a number of panel discussions and webinars on Union

23  and worker rights and remedies.  He has also provided practitioner comments to a new book

24  published by Juris Publishing entitled:  Labor Law Analysis And Advocacy to be published 2013.

25      9.      Rosenfeld was primarily responsible for the California Supreme Court decision in

26  *Morillion v. Royal Packing Co.* (2000) 22 Cal.4th 575, broadening an employer's obligation to

27  pay for all hours worked to include travel time on company vehicles.  He also argued *Fashion*

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

-2-

DECLARATION OF EMILY P. RICH IN SUPPORT OF PETITION FOR ATTORNEYS' FEES AND EXPENSES
FILED ON BEHALF OF WEINBERG, ROGER & ROSENFELD

Case No. 09-cv-00700-AWI-SMS

1  *Valley Mall v. NLRB* (2007) 42 Cal.4th 850, regarding whether, under California law, a shopping

2  mall may enforce a rule prohibiting persons from urging customers to boycott a store in the mall,

3  as well as two other cases before the California Supreme Court.  Mr. Rosenfeld argued *Cicairos v.*

4  *Summit Logistics, Inc.* (2005) 133 Cal.App.4th 949, holding California truck drivers engaged in

5  interstate commerce under the terms of a collective bargaining agreement had the right to engage

6  in litigation to enforce the state minimum labor standards of meal periods and rest breaks.  Among

7  other successful wage and hour class actions brought by Rosenfeld are *Fitz et al. v. Able Iron*

8  *Works*, Los Angeles Superior Court Case No. BC343271; *Hernandez et al. v. Central Precast*

9  *Concrete, Inc.*, Alameda Superior Court Case No. RG05247294; *Matthews et al. v. Petrochem*

10  *Insulation, Inc.*, Alameda Superior Court Case No. 2002067565; *Weddle et al. v. Frito-Lay Inc.*,

11  No. C 99-05272 PJH (N. D. Cal.); and *Yarbrough et al. v. Labor Ready, Inc.*, No.836186-2

12  (Alameda County Superior Court).  Rosenfeld's current hourly billing rate is $695, which is

13  commensurate with his 40 years of experience.  Over a year ago, a rate of $675 for Mr.

14  Rosenfeld's work was approved by the Honorable Steven Brick in *Cisneros et al v Garcia*

15  *Concrete Specialists, Inc.*, No. RG09457638 (Alameda County Superior Court).

16        10.  I was admitted to the California Bar in 1993 am a shareholder at the Firm.  My

17  practice includes litigation on behalf of unions, their members, and working people in both state

18  and federal court.  I graduated from the University of California, Berkeley, with degrees in

19  Economics and Psychology in 1975.  I graduated magna cum laude and Order of the Coif from

20  Hastings College of the Law in San Francisco, CA in 1993.  I served as Editor of the Hastings

21  Law Journal and was certified as a Public Interest Law Scholar at Hastings.  Prior to joining the

22  firm, I practiced plaintiff's anti-trust at the San Francisco law firm of Furth, Fahrner & Mason.  I

23  have worked on many state and federal wage and hour class actions on behalf of various low wage

24  workers, including farm workers, janitors, truck drivers, and security guards.  Among other cases I

25  have litigated are: *Stationary Engineers Local 39 Health & Welfare Trust Fund v. Philip Morris*

26  *Co.*, 1998 WL 476265 (N.D.Cal. 1998) (tobacco-related injury to health plans); *Sharon Daniels,*

27  *et al. vs. Eden Hospital, et al.*, Case No. 834885-6, Alameda County Superior Court; *United State*

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

-3-

DECLARATION OF EMILY P. RICH IN SUPPORT OF PETITION FOR ATTORNEYS' FEES AND EXPENSES
FILED ON BEHALF OF WEINBERG, ROGER & ROSENFELD

Case No. 09-cv-00700-AWI-SMS

1    *Of America, ex rel. vs. G.E. Chen Construction, Inc., et al.*, Case No. C 96-02341 MJJ (MEJ),

2    United States District Court Northern District of California; and *Serv. Employees Int'l Union,*

3    *Local 250 v. Colcord*, 160 Cal. App. 4th 362 (2008).  My regular hourly rate currently is $595 per

4    hour and I performed a total of 96 hours working on this case.  In 2010 my hourly rate of $475

5    was approved by Judge Ronald M. Whyte of the U.S. District Court, Northern District of

6    California in *Driscoll et al. v. Lockheed Martin Corp.*, Case No. C 09 00439 RMW and a year ago

7    my hourly rate of $575 was approved by this Court in *Morales v. Stevco, Inc.*, CIV-F-09-0704

8    AWI JLT.

9        11.    Kerianne Steele joined the firm in 2007 and is a shareholder.  She principally

10   represents public sector unions in California and Nevada.  She focuses primarily on internal union

11   governance and management, contract negotiations and enforcement, administrative hearings,

12   arbitration, litigation, and training of union leaders.  Her reported decisions include: *SEIU, Local*

13   *1021 v. San Joaquin County* (3d. Dist. 2011) 202 Cal. App. 4th 449 (employee who retired after

14   being terminated was entitled to a disciplinary appeal hearing); *City of Richmond v. SEIU, Local*

15   *1021* (1st. Dist. 2010) 189 Cal.App.4th 663 (no "public policy" grounds to vacate an arbitrator's

16   award reinstating an employee accused of sexual harassment); *San Francisco Housing Authority*

17   *v. SEIU, Local 790* (1st. Dist. 2010) 182 Cal.App.4th 933 (arbitrator's chosen remedy was

18   rationally related to her interpretation of the contract and the violations thereof which she

19   identified).  Ms. Steele's current hourly billing rate is $425 and she worked 18.25 hours on this

20   matter.

21       12.    Ms. Steele Co-authored with W. Daniel Boone, *Workplace Violence: When Is A*

22   *Threat a Threat? Threats of Violence in the Workplace: The Union Perspective*, Arbitration 2005,

23   Proceedings of the 58th Annual Meeting, National Academy of Arbitrators.  She also co-authored

24   with W. Daniel Boone, *How to Have an Arbitration Hearing in One Day or Less: Whatever*

25   *Happened to the One-Day Arbitration? Expedited Arbitration Procedures as an Effective Method*

26   *for Combating Delay, Increased Cost, and Formality in Labor Arbitration*, Arbitration 2007,

27   Proceedings of the 60th Annual Meeting, National Academy of Arbitrators.  She contributes

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

-4-

DECLARATION OF EMILY P. RICH IN SUPPORT OF PETITION FOR ATTORNEYS' FEES AND EXPENSES
FILED ON BEHALF OF WEINBERG, ROGER & ROSENFELD

Case No. 09-cv-00700-AWI-SMS

1    regularly, from January 2010 to the present, to the public sector case notes column of the

2    California Labor and Employment Law Review, the official publication of the State Bar of

3    California Labor and Employment Section.

4         13.    Numerous cases involving federal law and California Labor Code violations are

5    currently being prosecuted by these and other Weinberg, Roger & Rosenfeld lawyers.

6    Enforcement of employment law has been central to the practice of the firm for many years.

7    Attached hereto as **Exhibit A** is a list of selected cases prosecuted by this firm.

8         14.    Attached hereto as **Exhibit B** is a compilation of the attorney fees incurred in this

9    matter, at rates commensurate with the practitioners' experience. The total fees are $245,876.25.

10        15.    This firm incurred $3716.12 of costs in this matter. I arrived at this number by

11   dividing the total amount of costs incurred in the original matter against all six growers by 6.

12   Attached hereto as **Exhibit C** is a listing of the costs incurred by this firm between October 2005

13   and January 2008 ($22,296.71), which was divided by 6 to arrive at $3716.12.

14

15        I declare under penalty of perjury that the foregoing is true and correct. Executed in

16   Alameda, California on April 30, 2013.

17

18                                   /s/ Emily P. Rich
                                     EMILY P. RICH

19

20

21

22

23

24

25

26

27

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

-5-

DECLARATION OF EMILY P. RICH IN SUPPORT OF PETITION FOR ATTORNEYS' FEES AND EXPENSES
FILED ON BEHALF OF WEINBERG, ROGER & ROSENFELD

Case No. 09-cv-00700-AWI-SMS

*Fernando Rodriguex, et al. v. D.M. Camp & Sons, et al.*
Case No. 09-cv000700-AWI-SMS
United States District Court – Eastern District of California (Fresno)

# EXHIBIT A

## To Declaration of Emily P. Rich in Support of Petition for Attorneys' Fees and Expenses on Behalf of Weinberg Roger & Rosenfeld

# Exhibit A to Rich Decl.
# Weinberg, Roger & Rosenfeld

# Selected Litigation

1) *Security Farms v. International Broth. of Teamsters*, 124 F.3d 999 (9th Cir. 1997) (farm labor damages suit removed and bankruptcy reference withdrawn);

2) *McMorgan & Co. v. First California Mortg. Co.*, 916 F.Supp. 966 (N.D. Cal. 1995) (ERISA fiduciary breach by servicer of construction mortgages);

3) *Beck v. PACE International Union*, 427 F.3d 668 (9th Cir. 2005) (merger into a multiemployer plan is a permissible way of terminating a single-employer pension plan, and the single employer owes a fiduciary duty to participants to consider the option impartially), *rev'd* 127 S.Ct. 2310 (2007);

4) *Local 2-1971 of PACE Int'l Union v. Cooper*, 364 F.Supp.2d 546 (W.D.N.C. 2005) (the first WARN Act case establishing liability despite the employer's claim of a lockout);

5) *Stationary Engineers Local 39 Health & Welfare Trust Fund v. Philip Morris Co.*, 1998 WL 476265 (N.D.Cal. 1998) (tobacco-related injury to health plans);

6) *In re Rufener Const., Inc.*, 53 F.3d 1064 (9th Cir. 1995) (labor agreements and chapter 7 bankruptcy);

7) *Cruz v. Wal-Mart Stores, Inc.*, No. BC302850 (Los Angeles County Superior Court – Central District) (improper deductions in bonus plan);

8) *Carpenters Health and Welfare Trust Fund for California v. Tri-Capital*, 25 F.3d 849 (9th Cir. 1994) (ERISA preemption of State construction remedies);

9) *In re Tobacco Cases II*, 93 Cal.App.4th 183 (2001), review granted, review dismissed sub nom *Operating Engineers Local 12 Fund v. Phillip Morris Inc.*, 59 P.3d 149, 128 Cal.Rptr.2d 74 (2002);

10) *California Ironworkers Field Pension Trust v. Loomis Sayles & Co.*, 259 F.3d 1036 (9th Cir. 2001) (ERISA fiduciary breach in bond investments);

11) *Lupiani v. Wal-Mart Stores, Inc.*, 435 F.3d 846 (8th Cir. 2006);

12) *Hulteen, et al. v. AT & T. et al.* 455 F.3d 373 (9th Cir. 2006), *en banc* 498 F.3d 1001 (9th Cir. 2007) *cert. granted* 128 S.Ct. 2957 (2008)—A nationwide pregnancy discrimination action on behalf of a class of women who worked for AT&T and other Bell Operating System Companies before the Pregnancy Discrimination Act was passed in 1979 and who, upon requesting a determination of their retirement benefits in and after the mid-

1990s, received substantially less service credit for periods of pregnancy-related leave than other employees who took leave during the same time period for other temporarily disabling medical conditions. Under *Pallas v. Pacific Bell*, 940 F.2d 1324 (9th Cir. 1991), another case in which the firm served as co-counsel for the plaintiff, the district court granted the Hulteen plaintiffs' motion for summary judgment in the liability phase of the case. The firm acted as co-counsel for the the plaintiff class in the district court, and took the lead in opposing AT&T's interlocutory appeal to the Ninth Circuit in 2004;

13) *Associated Builders and Contractors, Inc. v. San Francisco Airports Com.*, 21 Cal.4th 352 (1999) - Representing the San Mateo County Building and Construction Trades Council, the firm defeated Associated Builders and Contractors in the superior court, the Court of Appeal, and the California Supreme Court when they challenged a project stabilization agreement that required them to pay union wages, use union labor for all new hires, and adhere to a grievance procedure in disciplining or terminating employees;

14) *Western Aggregates, Inc.  v. County of Yuba*, 101 Cal.App.4th 278 (2002) —The firm represented the County in a quiet title action brought by the mining company and, after a three-week trial, the trial court found that the road had been a public highway since the early 1850s. The Court of Appeal affirmed the trial court's judgment, and remanded the case with an order that the road be surveyed—at Western Aggregates' expense;

15) *Calvert v. County of Yuba*, 145 Cal.App.4th 613 (2007) —In cross-appeals, the firm represented plaintiffs William Calvert and the Yuba Goldfields Access Coalition to defend a decision by which the trial court issued a writ of mandate, directing the County of Yuba to set aside its determination that Western Aggregates had "vested rights" to mine aggregate on over 3430 acres in the Yuba Goldfields, within the meaning of the Surface Mining and Reclamation Act, Government Code section 2710 et seq."), because the County failed to comply with the requirements of due process—including notice and a hearing in which neighboring landowners and the interested public may participate—when it made that determination;

16) *California Labor Federation, et al. v. Labor and Workforce Development Agency*, Sacramento Sup. Ct. No. 05-CS-00330—The firm represented the California Labor Federation and SEIU United Healthcare Workers-West, in obtaining a writ of mandate directing the LWDA and various of its subordinate labor agencies to cease and desist from further dissemination of a one-sided video news release that the respondents had produced, at taxpayers' expense, to promote anti-worker regulations proposed by the Division of Labor Standards Enforcement, which were designed to weaken workers' meal and rest break rights and remedies under the Labor Code. The trial court ruled that the use of public funds for this purpose was improper, and that the inclusion of comments only from employers and business interests that supported and advocated for the adoption of the proposed regulations, violated the basic minimum procedural requirements of the Administrative Procedures Act;

17) *Int'l Assn. Of Machinists, Local 964 v. B.F. Goodrich*, 387 F.3d 1046 (9th Cir. 2004) — The firm obtained a judgment reaffirming the lawfulness of the practice of permitting full-time shop stewards to continue to draw their regular wages;

2

18) *Pension Trust Fund for Operating Engineers v. Federal Ins. Co.*, 307 F.3d 944 (9th Cir. 2002) —The firm obtained a $7 million judgment enforcing the duty of the defendant insurance company to defend on a fiduciary policy issued on behalf of our trust fund client;

19) *Operating Engineers Local 3 v. Johnson* (2003) 110 Cal.App.4th 180—County employee and her bargaining representative, sued county and its chief probation officer, individually and in her official capacity, asserting claims including retaliation and invasion of privacy. The Court of Appeal affirmed the judgment awarding damages for invasion of privacy, holding that the exclusivity provision of the Workers Compensation Act did not bar the employee's constitutional privacy claim;

20) *San Francisco Police Officers Ass'n v. City and County of San Francisco*, 2002 WL 31009209 (Cal.App. 1 Dist. Sep 09, 2002) (NO. A097433) —The firm represented the San Francisco Police Officers Association and several individual officers in an action seeking injunctive relief to prohibit the city, the police commission, and the police chief from taking any further punitive action against the individual officers in disciplinary proceedings initiated by the office of citizen complaints. The Court of Appeal affirmed a decision of the trial court granting the officers' request for a preliminary injunction because the city failed to notify each officer of its proposed disciplinary action within the statutory one-year period;

21) *Operating Engineers Health and Welfare Trust Fund v. Mega Life and Health Ins. Co.*, 2003 WL 22416395 (N.D.Cal.) -- The firm represented an employee benefit trust fund governed by the Employee Retirement Income Security Act (ERISA) in suit against the trust fund's insurer, seeking reimbursement under a stop loss policy for claims paid to five beneficiaries. On cross-motions for summary judgment the trial court held that the requirement that proof of loss be submitted within 90 days applied to claims under the policy, but that the insurer failed to prove prejudice from the fund's untimely notice of claims;

22) *City of Long Beach v. Department of Industrial Relations*, 34 Cal.4th 942 (2004) — Amicus -- The City filed a petition for writ of mandate challenging the decision of Department of Industrial Relations that California's prevailing wage law ("PWL") applied to the construction of an animal shelter project that was financed in part with city funds. The Supreme Court held that the animal shelter project was not "public work" as defined by the former statute, and thus was not subject to PWL, and that an amendment to the statute redefining "public work" so as to include projects like the animal shelter applied prospectively only;

23) *City of Oakland v. Public Employees' Retirement System*, 95 Cal.App.4th 29 (2002) — The firm represented employees from United Public Employees Local 790 in a successful appeal holding that no statute of limitations bars an administrative claim for reclassification, that the PERS Board's decision that reclassification was not subject to any statute of limitations was neither arbitrary nor irrational, and advanced the constitutional mandate to ensure the rights of PERS members and retirees to their full earned benefits. The Court of Appeal further held that the employees were firefighters

under the statutory definition even though they were not employed by the city's fire department;

24) *Teamsters Local 856 v. Priceless, LLC*, 112 Cal.App.4th 1500 (2003) —The firm represented Services Employees International Union Local 715 in an action seeking an injunction to prohibit the release of individually identified earnings information pursuant to a request by a local newspaper under the California Public Records Act. The Court of Appeal affirmed a decision of the trial court granting the Union's motion for preliminary injunction, holding that the employees had a reasonable expectation of privacy in the information, and that the employees' interest in nondisclosure outweighed public interest in disclosure;

25) *Independent Roofing Contractors v. California Apprenticeship Council*, 114 Cal.App.4th 1330 (2003) —A joint apprenticeship training program represented by the firm successfully fought a proposed geographic expansion of a "unilateral" apprenticeship program;

26) *Independent Roofing Contractors v. Chao*, 2008 WL 4936310 (9th Cir. 2008) – The firm represented Roofers' Union Local 81 in enforcing a determination of the Department of Labor (affirmed by the Northern District of California District Court and the 9th Circuit Court of Appeals) that apprenticeship contributions made under the federal Davis-Bacon Act needed to be reasonably related to benefit received and must be annualized across public and private projects;

27) *Service Employees Int'l Union, Local 715, AFL-CIO v. Cupertino Union School Dist.*, 131 Cal.App.4th 985 (2005) —The firm successfully represented a public sector employees' union in an action to compel arbitration of a "contracting out" grievance against a school district. The Court of Appeal held that the union did not forfeit its right to arbitrate the grievance by filing a timely, but procedurally defective, arbitration demand;

28) *State Personnel Board v. Department of Personnel Administration*, 37 Cal.4th 512 (2005) — The State Personnel Board (SPB) sought a writ of mandate challenging provisions of memoranda of understanding between the Department of Personnel Administration and various unions, which provided for arbitration as an alternative dispute resolution mechanism for litigating disciplinary action taken against State employees. The Supreme Court held that the statutes authorizing the MOU's violated the state Constitution's mandate that SPB review disciplinary actions against state civil service employees;

29) *Northern California Carpenters Regional Council v. Warmington Hercules Associates* (2004) 124 Cal.App.4th 296—The firm represented the Carpenters union in unfair business practices action against building contractors and subcontractors engaged in development of housing project for failure to pay prevailing wage under city redevelopment agency's policy. The Court of Appeal affirmed an order of the trial court denying the defendants' motion to strike the complaint under California's anti-SLAPP (strategic lawsuit against public participation) statute;

4

30) *Pension Trust Fund Operating Engineers v. The Chubb Corporation, et al.* (N.D. Cal. No. C-99-0708-WHA)—Federal court action on behalf of pension trust fund under its fiduciary insurance policy for breach of insurer's duty to defend.  The case settled after the Ninth Circuit ruled that the insurer did, in fact, breach its duty to defend;

31) *Stuart v. Civil Service Commission*, 174 Cal.App.3d 201 (1985) —Established that Civil Service Rules which were inconsistent with the Charter of the City and County which had established the Civil Service Commission could not conflict with provisions of the Charter.  Therefore, where the Civil Service Rules that allowed for a shorter period of time to challenge a job interview then the Charter, the Charter controlled;

32) *Mezey v. State of California*, 161 Cal.App.3d 1060 (1984) —Effort on behalf of a state college instructor who was terminated in 1950 for failure to sign a loyalty oath but was not brought until 1981, was barred by the statute of limitations;

33) *deGroat v. Newark Unified School District*, 162 Cal.App.3d 538 (1976) —Overturned the termination of a school teacher who had been terminated for alleged unprofessional conduct because he permitted a poetry reading which district administrators deemed to be offensive;

34) *San Francisco Unified School District v. Superior Court*, 116 Cal.App.3d 231 (1981)— Established parameters for discovery surrounding dismissal actions brought in connection with termination of certificated employees of school districts;

35) *Winters v. Unemployment Insurance Appeals Board*, 63 Cal.App.3d 4 (1976) 1— Precedential decision concerning the obligation of the school district to send notices of layoff to teachers; dictated the contents of such notice;

36) *United Teachers of Oakland v. Oakland Unified School District*, 75 Cal.App.3d 322 (1977)—Established rights of teachers to assignment following return from sabbatical leave;

37) *Berkeley Federation of Teachers v. Berkeley Unified School District*, 178 Cal.App.3d 775 (1966)—Set out guidelines concerning the manner in which adult school teachers may obtain permanent status;

38) *San Jose Federation of Teachers v. Superior Court*, 132 Cal.App.3d 861 (1982)— Established the right of an arbitrator to reserve jurisdiction to resolve disputes concerning implementation of his award, and established that the court has the ability to confirm such an award;

39) *Noguera v. North Monterey County Unified School District*, 106 Cal.App.3d 64 (1980) —Established the rights of employees of a public school district upon unification with another school district;

40) *People v. General Motors Corp.*, 78 Cal.App.3d 94 (1978) —Held that a union did not breach the duty of fair representation when it negotiated a reasonable resolution of a grievance on behalf of a member;

41) *Peralta Federation of Teachers v. Peralta Community College District*, 24 Cal.3d 369 (1979) —Established the right to tenure on behalf of part-time teachers employed by a community college district and to compensate at an appropriate rate of pay based upon the number of semesters which they taught and the percentage of full time which they taught;

42) *Ofsevit v. Trustees of Cal State University and Colleges*, 21 Cal.3d 763 (1978) — Prohibited the California State University from firing a non-tenured instructor because of his exercise of free speech;

43) *Social Workers Union Local 535 v. Alameda County Welfare Department*, 11 Cal.3d 382 (1974) —Established the right of public employees to be represented by labor unions in meetings which might lead to disciplinary action.  The case was decided in advance of the United States Supreme Court's decision in *Weingarten*;

44) *Comings v. State Board of Education*, 23 Cal.App.3d 94 (1972) —Established that employees could not be terminated for activities occurring away from employment unless there was some connection or "nexus" to their employment;

45) *Jarvis v. Corey*, 28 Cal.3d 562 (1980) —Established the right of unions representing state employees to negotiating retroactive compensation with the State of California;

46) *Lane v. IUOE Stationary Engineers*, 212 Cal.App.3d 164 (1989) —Established that the duty of fair representation was not per se applicable to public employee unions when Civil Service matters were involved unless the union voluntarily agreed to afford representation;

47) *Governing Board v. Brennan*, 18 Cal.App.3d 396 (1971) —Public school teacher may be terminated for persistent violation of laws relating to use of controlled substances;

48) *In re Coleman*, 12 Cal.3d 568 (1974) —Union officers cannot be held in contempt of a court order prohibiting mass picketing unless it can be shown that the individual supervised and directed the conduct which constituted the violation of the order;

49) *In re Brown*, 9 Cal.3d 612 (1973) —Held that individuals participating in a demonstration could not be convicted of disturbing the peace since the activity was constitutionally protected and the individuals were not engaged in violence nor disruption;

50) *Campbell Elementary Teachers Association v. Abbott*, 76 Cal.App.3d 796 (1978) — Established principles and interpreted statutes concerning mass layoffs of teachers;

51) *Bekiaris v. Board of Education*, 6 Cal.3d 575 (1972) —Established the right of probationary employees to be free from termination or other discipline because of activities related to the exercise of First Amendment rights;

52) *Service Employees International Union v. City of Redwood City*, 32 Cal.App.4th 53 (1995) —Status of fire prevention officers as peace officers for purposes of safety requirement.

       i.      Selected Wage and Hour Cases

53) *Morillion v. Royal Packing Co.*, 22 Cal.4th 575 (2000) – Holding that time spent by agricultural employees traveling to and from fields on the employer's bus was time worked and must be compensated;

54) *Cicairos v. Summit Logistics, Inc.*, 133 Cal.App.4th 949 (2005) — The firm obtained reversal of a trial court judgment against the plaintiff truck drivers, successfully arguing on appeal that the federal "motor carrier exemption" does not apply to claims that their employer failed to provide adequate itemized wage statements, and did not ensure that the drivers receive rest breaks and duty-free meal periods, as required by the California Labor Code. The Court of Appeal further held that the employees were not required to arbitrate alleged violations of such minimum labor standards, as established by the California Legislature by statute;

55) *Reynolds v. Bement*, 36 Cal.4th 1075 (2005) —Amicus -- Former shop managers for corporate employer filed a class action lawsuit against employer's officers, directors, and shareholders, seeking to recover for tortious acts and for alleged misclassification of class members in violation of wage laws, which required them to work unpaid overtime hours. The Supreme Court held that the defendants were not individually liable for the alleged misclassification under statute entitling employees to recover unpaid balance of owed overtime compensation from their "employer" in civil action;

56) *Murphy v. Kenneth Cole Productions, Inc.*, 40 Cal.4th 1094 (2007) —Amicus – Holding compensation for missed meal periods and rest breaks was premium compensation subject to a three-year statute of limitations;

57) *Helix Electric, Inc. vs. Division Of Labor Standards Enforcement, et al.*, 2006 WL 464083 (E.D. Cal. 2006) *affirmed* 203 Fed. Appx. 813 (9th Cir. 2006) – enforcing the right of a labor management committee to request and receive information necessary for the enforcement of prevailing wage laws;

58) *Gabriel Perea, et al. vs. RPM Enterprises, Inc.*, et al., Case No. 03CC00424, Orange County Superior Court;

59) *Andrea Savaglio, et al. vs. Wal-Mart Stores, Inc.*, et al., 149 Cal.App.4[th] 588 (2007) – The firm represented a newspaper organization in its successful efforts to unseal documents related to an underlying wage and hour class action lawsuit;

60) *Kelly Smith, et al. vs. Helix Electric, Inc.*, Case No. 05 ASO 3603, Sacramento Superior Court. Class certification granted to enforce electrician prevailing wage obligations;

61) *German Pimental, et al. vs. Dan Tudor & Sons, Inc.*, Case No. 247852-NFT, Kern County Superior Court;

62) *Joyce Ann Archibald, et al. vs. The United States Department Of Commerce, Bureau Of The Census*, Case No. 00-473 C, United States Court Of Federal Claims;

63) *Sharon Daniels, et al. vs. Eden Hospital, et al.*, Case No. 834885-6, Alameda County Superior Court;

64) *Galen Weddle, et al. vs. Frito-Lay, Inc.*, 2001 WL 182374 (N.D. Cal.);

65) United States of America, ex rel. International Brotherhood et al. v. G.E. Chen Construction, Inc., 954 F. Supp. 195 (1997 N.D. Cal.) (false claims for labor violations);

66) *Francisco Zavala, et al. vs. Hard Drywall, Inc., et al.*, Case No. 227713, Sonoma County Superior Court;

67) *Fidel Trejo, et al. vs. Dwayne Nash Industries, Inc., et al.*, Case No. 99AS01365, Sacramento Superior Court;

68) *Jose Medina Cortez, et al. vs. Dwayne Nash Industries, Inc., et al.*, Case No. CIV S-99-2198 LKK JFM, United States District Court Eastern District of California;

69) *Armando Ramirez, et al. vs. Labor Ready, Inc., et al.*, Case No. 836186-2, Alameda County Superior Court;

70) *Larnel Gibson, et al. vs. Labor Connection, Inc.*, Case No. 226114, Sonoma County Superior Court;

71) *Anne Maccue-Garcia vs. Dominican Santa Cruz Hospital, et al.*, Case No. 323513, San Francisco Superior Court;

72) *Douglas Ziegler, et al. vs. Old Country Roofing Company, et al.*, Case No. 03AS06598, Sacramento Superior Court;

73) *Rex Ronald Chesshire vs. Kirk Witherow, et al.*, Case No. M-45188, Monterrey County Superior Court;

74) *Raul Ramirez, et al. vs. Tahoe Truckee Unified School District, et al.*, Case No. TS 98/140, Nevada County Superior Court;

75) *Charles Range, et al. vs. E.L. Wills, Inc., et al.*, Case No. 794347-0, Alameda County Superior Court;

76) *United States of America, ex rel. vs. San Luis Gonzaga Construction, Inc., et al.*, Case No. C-96-02350 PJH, (N.D. Cal.);

77) *Rosalina Garcia, et al. vs. Sutter Building Maintenance, Inc., et al.*, Case No. 99 AS 05842, Sacramento Superior Court;

78) *Carlos Valdez, et al. vs. SCR Group, Inc.*, Case No. BC232166, Los Angeles County Superior Court;

79) *Antonio Velazquez, et al. vs. State Roofing Systems, Inc., et al.*, Case No. 796646-8, Alameda County Superior Court;

80) *Michael Lacy, et al. vs. Western Insulation, Inc.*, Case No. 818970-9, Alameda County Superior Court.

*Fernando Rodriguex, et al. v. D.M. Camp & Sons, et al.*
Case No. 09-cv000700-AWI-SMS
United States District Court – Eastern District of California (Fresno)

# EXHIBIT B
## To Declaration of Emily P. Rich in Support of Petition for Attorneys' Fees and Expenses on Behalf of Weinberg Roger & Rosenfeld

EXHIBIT B to Rich Decl.

**Weinberg, Roger & Rosenfeld**

TIME REPORT – Inception through 2/29/2013

| Name | Total Hrs. | Hourly Rate | Total Lodestar |
|------|-----------|-------------|----------------|
| **PARTNERS:** | | | |
| David Rosenfeld | 3.50 | 725.00 | $ 2,537.50 |
| William A. Sokol | 16.00 | 695.00 | 11,120.00 |
| Christian Raisner | 147.25 | 645.00 | 94,976.25 |
| Emily Rich | 96.25 | 595.00 | 57,268.75 |
| Theodore Franklin | 2.25 | 595.00 | 1,338.75 |
| Kerianne Steele | 18.25 | 425.00 | 7,756.25 |
| Manuel Boigues | 2.25 | 425.00 | 956.25 |
| Jannah Manasala | 26.00 | 425.00 | 11,050.00 |
| | 311.75 | | $ 187,003.75 |
| | | | |
| **ATTORNEYS:** | | | |
| Linelle Mogado | 82.00 | 425.00 | $ 34,850.00 |
| Manjari Chawla | 5.25 | 425.00 | 2,231.25 |
| Roberta Perkins | 30.00 | 595.00 | 17,850.00 |
| M. Suzanne Murphy | 1.75 | 595.00 | 1,041.25 |
| | 119.00 | | $ 55,972.50 |
| | | | |
| **PROFESSIONAL SUPPORT STAFF:** | | | |
| Paralegal | **14.50** | 200.00 | $ **2,900.00** |
| | | | |
| **TOTAL LODESTAR** | **445.25** | | $ **245,876.25** |

*Fernando Rodriguex, et al. v. D.M. Camp & Sons, et al.*
Case No. 09-cv000700-AWI-SMS
United States District Court – Eastern District of California (Fresno)

# EXHIBIT C
## To Declaration of Emily P. Rich in Support of Petition for Attorneys' Fees and Expenses on Behalf of Weinberg Roger & Rosenfeld

**Weinberg, Roger & Rosenfeld**
Exhibit C

Rodriguez et al. v. D.M. Camp & Sons et al.
(Class Action - Wage & Hour)

## Schedule of Costs

| Date | Description | Amount |
|---|---|---|
| 10/11/2005 | Messenger/delivery service to USDC, Eastern District (retrieval of documents) | 100.25 |
| 10/31/2005 | Photocopies (In House) of documents for deposition on 10/24/05 | 75.50 |
| 10/31/2005 | Photocopies (In House) of indices on 10/27/05 | 7.50 |
| 11/1/2005 | Photocopy of docket from Kern County Superior Court | 10.00 |
| 11/14/2005 | Filing fee to USDC Fresno, CA re: Complaint on 11/10/05 | 250.00 |
| 12/22/2005 | Service of documents upon DM Camp & Sons, Bakersfield, CA | 39.50 |
| 12/22/2005 | Service of documents; first bad address; field locate; service upon Marko Zaninovich, Inc., Delano, CA | 124.00 |
| 12/22/2005 | Service of documents upon Sunview Vineyards of California, Inc., McFarland, CA | 49.50 |
| 12/22/2005 | Service of documents upon Guimarra Vineyards Corporation, Edison, CA | 49.50 |
| 12/22/2005 | Service of documents upon El Rancho Farms, Arvin, CA | 49.50 |
| 12/22/2005 | Service of documents upon Castle Rock Farming & Transport, Inc., Richgrove, CA | 59.50 |
| 12/24/2005 | Overnight delivery on 12/21/05 to Sunview Vineyards of California | 15.35 |
| 12/24/2005 | Overnight delivery on 12/21/05 to Kingsley & Kingsley (Eric Kingsley) Encino, CA | 15.12 |
| 12/24/2005 | Overnight delivery on 12/21/05 to Giumarra Vineyards Corporation | 13.94 |
| 12/24/2005 | Overnight delivery on 12/21/05 to Ira Gottlieb, Geffner & Bush | 15.12 |
| 12/24/2005 | Overnight delivery on 12/21/05 to Patrick McNicholas | 15.12 |
| 12/24/2005 | Overnight delivery on 12/21/05 to Donald Camp, Sr | 13.94 |
| 12/24/2005 | Overnight delivery on 12/21/05 to David McNamara | 12.05 |
| 12/24/2005 | Overnight delivery on 12/21/05 to Kent Stephens, Sunview Vineyards of California | 15.35 |
| 12/24/2005 | Overnight delivery on 12/21/05 to Kent Stephens | 15.35 |
| 12/24/2005 | Overnight delivery on 12/21/05 to William Alexander | 13.94 |
| 12/24/2005 | Overnight delivery on 12/21/05 to Daniel Klingenberger | 13.94 |
| 12/24/2005 | Overnight delivery on 12/21/05 to Marco Zaninovich, Inc. | 13.94 |
| 12/30/2005 | Electronic research (Westlaw) for November 1, 2005 - November 30, 2005 | 24.87 |
| 12/30/2005 | Postage (express mail) on 12/21/05 to office of Klein, DeNatale, Goldner, Cooper in Bakersfield, CA | 17.85 |
| 12/30/2005 | Postage (express mail) to Rynn & Janowsky, Oakland, CA on 12/21/05 | 17.85 |
| 12/30/2005 | Postage (express mail) to Law Offices of Marcos Camacho, Keene, CA on 12/21/05 | 17.85 |
| 12/30/2005 | Postage (express mail) to Giumarra Vineyards Corp., Bakersfield, CA on 12/21/05 | 17.85 |

**Weinberg, Roger & Rosenfeld**
Exhibit C

Rodriguez et al. v. D.M. Camp & Sons et al.
(Class Action - Wage & Hour)

## Schedule of Costs

| Date | Description | Amount |
|---|---|---|
| 12/31/2005 | Electronic research (Westlaw) for December 1, 2005 - December 31, 2005 | 292.41 |
| 1/21/2006 | Overnight delivery on 1/20/06 United States Bankruptcy Court, Fresno, CA | 14.45 |
| 1/21/2006 | Overnight delivery on 1/20/06 to United States District Court, Fresno, Ca | 14.45 |
| 1/24/2006 | Photocopies (In House) on 10/24/05 re: deposition | 82.00 |
| 1/30/2006 | Airfare for David Rosenfeld re meeting in Los Angeles with counsel | 284.40 |
| 1/30/2006 | Attorney travel (parking) for David Rosenfeld re meeting in Los Angeles with counsel | 20.00 |
| 2/7/2006 | Overnight delivery on 1/23/06 to Clerk, United States District Court, Eastern District, Fresno, CA | 38.99 |
| 2/25/2006 | Overnight delivery | 12.06 |
| 2/25/2006 | Overnight delivery | 12.06 |
| 2/25/2006 | Overnight delivery on 2/07/06 to Magistrate Judge, United States District Court, Sacramento, CA | 12.06 |
| 2/28/2006 | Electronic research (Westlaw) for Jan 01, 2006 - Jan 31, 2006 | 687.04 |
| 2/28/2006 | Photocopies of newspaper articles | 11.90 |
| 2/28/2006 | Postage on 1/18/06 re filing & service of Notice of Related Cases | 6.36 |
| 2/28/2006 | Photocopies on 1/18/06 re filing & service of Notice of Related Cases | 123.25 |
| 3/4/2006 | Attorney Travel (mileage) for Linelle Mogado re trip to/from Bakersfield and meet at co-counsel's office in Lafayette | 13.70 |
| 3/17/2006 | Overnight delivery on 3/10/06 to United States District Court, Fresno, CA | 46.39 |
| 3/18/2006 | Overnight delivery to United States District Court, Eastern District, Fresno, CA on 3/13/06 | 46.39 |
| 3/24/2006 | Attorney Travel (mileage) for Linelle Mogado to meet with co-counsel in Lafayette | 13.71 |
| 3/26/2006 | Attorney Travel (mileage) for Linelle Mogado to meet with co-counsel | 13.71 |
| 3/27/2006 | Attorney Travel (mileage) for Linelle Mogado to meet with co-counsel in Lafayette | 13.71 |
| 3/31/2006 | Electronic research (Westlaw) for February 1, 2006 - February 28, 2006 | 655.13 |
| 4/28/2006 | Electronic research (Westlaw) for 3/01/06 - 3/31/06 | 1,235.87 |
| 4/28/2006 | Attorney travel (meals) for Christian Raisner 3/4-3/6 re investigation and client meetings in Bakersfield | 204.54 |
| 4/28/2006 | Hotel for Christian Raisner 3/4-3/7/06 re investigation and client meetings in Bakersfield | 369.60 |
| 4/28/2006 | Attorney travel (meals) for Christian Raisner & Linelle Mogado with Mallison & Martinez re meeting | 96.95 |
| 4/28/2006 | Fee(s) for research and obtaining copies of documents at United States District Court in Santa Clara | 378.21 |
| 4/29/2006 | Overnight delivery on 4/28/06 to Sabrina S. Kum, Los Angeles, CA | 37.13 |
| 5/6/2006 | Overnight delivery on 5/02/06 to United States District Court Eastern District, Fresno, CA | 12.67 |
| 5/13/2006 | Overnight delivery on 5/04/06 to D. Beck, United States District Court, Fresno, CA | 10.00 |
| 5/13/2006 | Overnight delivery on 5/12/06 to attn: Judge Ishi, United States District Court Eastern District, Fresno, CA (chambers copies | 15.69 |
| 5/13/2006 | Overnight delivery on 5/12/06 to attn: Judge Snyder, United States District Court Eastern District, Fresno, CA (chambers | 15.69 |
| 5/31/2006 | Electronic research (Westlaw) for period 4/1/06 thru 4/30/06 | 859.18 |
| 6/7/2006 | Attorney Travel (meals) for Linelle Mogado re: Lunch with David Bacon (client development re: grape season-coachella) on | 18.22 |

113943/714716

**Weinberg, Roger & Rosenfeld**

Exhibit C

## Schedule of Costs

Rodriguez et al. v. D.M. Camp & Sons et al.

(Class Action - Wage & Hour)

| Date | Description | Amount |
|---|---|---|
| 6/15/2006 | Attorney Travel (mileage) for Linelle Mogado to attend meeting with co-counsel in Lafayette | 13.53 |
| 6/19/2006 | Hotel for co-counsel to attend client interviews on 4/07/06 - 4/10/06 in Bakersfield (Mallison & Martinez) | 443.50 |
| 6/26/2006 | Electronic research (West Law) for period 05/01/06 thru 05/31/06 | 3,083.44 |
| 6/30/2006 | Attorney Travel (mileage) for Linelle Mogado re: Trip to Bakersfield (to Lafayette) on 04/07/06 | 6.76 |
| 6/30/2006 | Attorney Travel (mileage) for Linelle Mogado re: trip from Bakersfield (from Lafayette) on 04/07/06 | 6.76 |
| 6/30/2006 | Attorney Travel (mileage) for Linelle Mogado re: Meeting in Lafayette at office of Mallison & Martinez on 04/27/06 | 13.53 |
| 6/30/2006 | Attorney Travel (mileage) for Linelle Mogado re: Meeting with Mallison & Martinez in Lafayette on 05/23/06 | 13.53 |
| 6/30/2006 | Attorney Travel (mileage) for Linelle Mogado re: Drop off S. Mallison in Lafayette after meeting on 05/24/06 | 13.53 |
| 8/31/2006 | Hotel Attorney Expense for Linelle Mogado re: Bakersfield trip for deposition preparation and deposition client interviews or | 120.95 |
| 9/2/2006 | Photocopies of declarations | 124.25 |
| 9/16/2006 | Overnight delivery to Hon. Anthony Ishii and Hon. Sandra Snyder on 8/28/06 | 39.54 |
| 9/16/2006 | Overnight delivery to Hen Anthony Sihi in Fresno, CA on 09/11/06 | 33.82 |
| 9/22/2006 | Overnight delivery to U.S. District Court in Fresno, CA on 09/14/06 | 10.00 |
| 9/30/2006 | Electronic research (Westlaw) for Aug. 1 - Aug. 31, 2006 | 2,838.52 |
| 10/3/2006 | Electronic research (Westlaw) for Sept. 1 - Sept. 30, 2006 | 4,086.88 |
| 10/12/2006 | Professional services of Miles Locker re legal research re special meal period provision and court opinions; draft section of | 3,825.00 |
| 11/14/2006 | Photocopies on 09/11/06 of Exhibits for Doe v Camp | 21.00 |
| 11/14/2006 | Photocopies re: paystubs | 8.50 |
| 11/30/2006 | Photocopies of 2 binders copied re: Cal-Pacific. Firm Managment LP | 13.50 |
| 5/24/2007 | Electronic research (Westlaw) for Oct. 1 - Oct. 31, 2006 | 97.79 |
| 9/24/2007 | Electronic research (Pacer) through 3/31/07 | 18.67 |
| 9/24/2007 | Photocopies re: Request for Judicial Notice | 162.50 |
| 9/30/2007 | Telephone charges for conference call on 9/12/07 | 130.40 |
| 10/24/2007 | Electronic research (Westlaw) for the period 9/1 - 9/30/07 | 328.61 |
| 10/25/2007 | Telephone charges re: conference call with attorney C. Raisner on 09/28/07 | 25.26 |
| 11/27/2007 | Electronic research (Pacer) for 7/1/07 thru 9/30/07 | 25.92 |
| 1/30/2008 | Electronic research (Westlaw) for the period 10/1 - 10/31/07 | 47.03 |
| | Electronic research (Pacer) for 10/1/07 thru 12/31/07 | 5.36 |

**Totals:**  22,296.71

113943/714716