1
2
3
4
5
6
7
8                       **UNITED STATES DISTRICT COURT**

9                       **EASTERN DISTRICT OF CALIFORNIA**

10

11   FERNANDO RODRIGUEZ, and                ) Case No.: 1:09-cv-00700 - AWI - JLT
     GUADALUPE HERERRA, on behalf of        )
12   themselves and all others similarly situated,  ) ORDER ALLOWING LATE CLAIMS
                                            )
13                  Plaintiffs,             ) (Doc. 62)
                                            )
14          v.                              )
                                            )
15   D.M. CAMP & SONS,                      )
                                            )
16                  Defendants.             )
                                            )
17   _____     )

18          Before the Court is the request from the claims administrator, Simplurius, Inc., for guidance as

19   to whether claims that were postmarked after the claim-filing deadline, should be allowed.  (Doc. 61)

20          Mary Butler, the Case Manager for Simplurius, declares that three claims were received after

21   the claim-filing deadline.  (Doc. 61-1 at 2) The first was postmarked on April 25, 2013 and, if granted

22   would entitled the claimant to payment in the amount of $3,313.48. Id.  The second was postmarked

23   on April 2, 2013 and would entitle the claimant to $368.16 and the third was postmarked on May 7,

24   2013 and would entitle the claimant to $75.15. Id.  None of the claimants explain why they failed to

25   meet the claim-filing deadline of April 24, 2013.  Id.

26          Furthermore, the request for guidance indicates that class counsel have no position as to

27   whether the claims should be allowed and that Defendant has no objection to the claims being allowed.

28   (Doc. 61 at 2)

                                            1

The decision whether to allow a late-filed claim is vested within the Court's discretion.  In re Gypsum Antitrust Cases, 565 F.2d 1123, 1128 (9th Cir. 1977).  Here, the Court ordered that all valid claims had to be made no later than April 24, 2013.  (Doc. 48 at 2)  Nevertheless, none of the late claims described by Ms. Butler were received by this date or mailed by this date.  (Doc. 61-1 at 2) However, all of the late claims were received no more than 13 days after the deadline and, the first— the one that is of greatest significance to the rest of the class given the amount at issue—was postmarked just one day late.  Id.   Given the small amounts at issue for the two later-filed claims, the impact on the remaining class members, if these late claims are allowed, would be insignificant.

Thus, for these reasons, the Court determines the claims should be allowed.

**ORDER**

Therefore, based upon the foregoing, the Court **ORDERS**:

1.      The late claims detailed in Plaintiffs' Application Seeking Guidance from the Court and the declaration of the Claims Administrator Representative, Mary Butler, will be accepted for payment.

2.      No further late claims will be allowed.

IT IS SO ORDERED.

Dated:   **May 24, 2013**                    **/s/ Jennifer L. Thurston**
                                        UNITED STATES MAGISTRATE JUDGE